SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

GEORGIA HARRIS
3249 Stanton Road, S.E.
Washington, D.C. 20020

        Plaintiff,

    v.

SAFEWAY, INC.
2845 Alabama Ave., S.E.
Washington, D.C. 20020

SERVE:
      REGISTERED AGENT
      United States Corporation Company
      1090 Vermont Avenue, N.W.
      Washington, D.C. 20005

      and

TOTAL REFRIGERATION
SERVICES, L.L.C.
1600 Trade Zone Avenue
Suite 304
Upper Marlboro, Maryland 20774

SERVE:
      REGISTERED AGENT
      CT Corporation
      1015 15th Street, N.W.
      Suite 1000
      Washington, D.C. 20005

      Defendants

Case No.

RECEIVED
Civil Clerk's Office

SEP 2 7 2013

Superior Court of the
District of Columbia
Washington, D.C.

13 - 0 0 0 6 5 7 6

COMPLAINT FOR NEGLIGENCE

EXHIBIT

A

ALL-STATE LEGAL®

1. This Court has jurisdiction over this matter pursuant to D.C. Code § 11-921 (2001 ed.).

2. This Court has jurisdiction over the Defendants pursuant to D.C. Code § 13-423 (a)(1-5) (2013).

3. All actions complained of occurred in the District of Columbia.

### Parties

4. Plaintiff, Georgia Harris, is and at all times relevant to this action, a resident of the District of Columbia.

5. Defendant Safeway, Inc. (hereinafter "Defendant Safeway" or "Safeway"), upon information and belief, is a corporation licensed in the District of Columbia, which has property in the District and regularly does business in the District of Columbia, and has a Registered Agent in the District for whom service of process can be made.

6. Defendant Safeway holds itself out as a food a drug retailer open to the public, and who owns and operates stores nationwide, including store No. 1445, located at 2845 Alabama Avenue, S.E., Washington D.C. 20020.

7. Defendant Total Refrigeration Services, L.L.C. (hereinafter "Defendant Total Refrigeration" or "Total Refrigeration") upon information and belief, is a corporation licensed in the State of Maryland, and regularly does business in the District of Columbia, and has a Registered Agent in the District for whom service of process can be made.

### Facts

8. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 7 of this Complaint as though fully set forth herein.

2

9. On June 13, 2011, Plaintiff lawfully entered the premises, Safeway store No. 1445 located at 2845 Alabama Ave., SE, Washington, D.C. 20020, as an *invitee* to purchase goods offered for sale by Defendant Safeway.

10. While on the premises; suddenly, violently and without warning, Plaintiff slipped and fell in Defendant Safeway's store because of water on the floor and sustained injury to her arms, right leg, right knee, and lower back.

11. There were no warning signs, wet floor sign or any other indicators to alert Plaintiff of this dangerous and hazardous condition on the premises.

12. Plaintiff was transported to Washington Hospital Center's emergency room where she received treatment for her injuries, followed by months of continuing and ongoing rehabilitative therapy, resulting in significant and substantial loss, pain and suffering, medical bills and medical expenses.

13. Plaintiff was not contributorily negligent, nor did she assume any risk of harm or acted unreasonably or unlawfully in this incident.

## Count I

### (Negligence)

### (Defendant Safeway)

14. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 13 of this Complaint as though fully set forth herein.

15. Upon information and belief, on or about June 13, 2011, Defendant Safeway contracted with Defendant Total Refrigeration to make repair services to the faulty refrigeration equipment located alongside the isle inside Defendant Safeway's store located at 2845 Alabama Ave., SE, Washington, D.C.

3

16. Upon information and belief, Defendant Total Refrigeration conducted repair work to Defendant Safeway's refrigeration unit for approximately two (2) hours on June 13, 2011.

17. Defendant Safeway owed a duty to Plaintiff (*invitee*) to act reasonably to keep the premises safe and free from dangerous conditions and injury to Plaintiff.

18. Defendant Safeway *knew or should have known* of the dangerous and hazardous condition in the store, i.e., *water in the isle* resulting from its faulty refrigeration equipment because it called for repair to the unit.

19. Defendant Safeway breached its duty of care to Plaintiff when it:

   a. Failed to conduct reasonable inspections to uncover hidden dangers (in this case, water on the floor in the isle) on the premises;

   b. Failed to warn Plaintiff of the dangerous and hazardous condition on the premises;

   c. Failed to correct the dangerous and hazardous condition on the premises, and;

   d. Failed to eliminate the dangerous and hazardous condition on the premises.

### (Defendant Total Refrigeration)

20. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 19 of this Complaint as though fully set forth herein.

21. Defendant Total Refrigeration owed a duty to Plaintiff to perform its repair work on the premises in a safe a reasonable manner without creating a foreseeable risk of harm to Plaintiff.

4

22. Defendant Total Refrigeration owed a duty to warn Plaintiff of any dangerous conditions of hazards resulting from its repair-work on the premises.

23. Defendant Total Refrigeration breached its duty when performing its repair-work, Defendant Total negligently allowed water to enter into the isle where Plaintiff entered on Defendant Safeway's premises.

24. Defendant Total Refrigeration *knew or should have known* of the dangerous and hazardous condition in the store, i.e., water in the isle, as a natural and foreseeable consequence of the faulty refrigeration unit.

25. Defendant Total Refrigeration breached its duty owed to Plaintiff when it *knew or should have known* of the hazardous condition, i.e., water in the isle resulting from faulty refrigeration equipment, but failed to a) inspect, 2) correct, 3) warn or 4) eliminate the dangerous condition on the premises.

*(Respondeat Superior)*

26. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Defendant Total Refrigeration was acting as agent for Defendant Safeway on June 13, 2011.

28. Defendant Safeway is *vicariously liable* for the negligence of Defendant Total Refrigeration as described in this Complaint under the doctrine of *Respondeat Superior*.

29. Defendant Total Refrigeration and Defendant Safeway had *actual or constructive knowledge* of the dangerous and hazardous condition on the premises but failed to warn and eliminate the condition to prevent injury to Plaintiff.

30. Plaintiff was not contributorily negligent or assumed any risk of harm.

31. As a direct and proximate cause of Defendant Safeway and Defendant Total Refrigeration's negligence, Plaintiff was made to suffer injury to her arms, right leg, right knee, and lower back; substantial, severe, and continuing pain and suffering; limited mobility and inability to perform regular and routine activities; and, serious, significant, and substantial permanent physical injury, anxiety and distress.

32. As a direct and proximate result from Defendant Safeway's and Defendant Total Refrigeration's negligence, Plaintiff was made to incur significant and substantial medical bills and medical expenses, and other related costs: which are ongoing and continuing, as is her need for ongoing rehabilitative treatment and care.

WHEREFORE, upon the premises considered, Plaintiff demands judgment against both Defendant Safeway and Defendant Total Refrigeration, *jointly and severally*, in the amount of One Hundred Ninety Thousand Dollars ($190,000.00) as compensatory damages and an award of costs and attorney fees, and, for such other relief as will conform to the evidence adduced at trial.

I, Georgia Harris, being first duly affirmed on oath and under the penalty of perjury depose and say that the foregoing Complaint is true and accurate to the best of my knowledge and belief.

_____
Georgia Harris

Subscribed and affirmed to before me this 27th day of September 2013.

_____
Notary Public

My Commission Expires:

BRIAN K PRICE
District of Columbia, Notary Public
My Commission Expires
August 31, 2014.

6

Respectfully Submitted,

Kenneth L. Blackwell, Esquire
D.C. Bar No. 441413
Blackwell & Associates
P.O. Box 23610
Washington, D.C. 20026
(202) 271-8718
kennethblackwell@justice.com
*Attorney for Plaintiff Georgia Harris*

Plaintiff Demands Trial By Jury

Dated: September 27, 2013

7

Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Plaintiff

Case Number 13 - 0 0 0 6 5 7 6

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W. between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney

Clerk of the Court

Address

By
Deputy Clerk

Telephone

Date

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción en español

FORM SUMMONS - Jan. 2011
CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Plaintiff

Case Number 13 - 0006576

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney

Clerk of the Court

Address

By

Deputy Clerk

Telephone

Date

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GEORGIA HARRIS
Vs.
SAFEWAY, INC. et al

C.A. No.      2013 CA 006576 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.   Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge THOMAS J MOTLEY
Date: September 27, 2013
Initial Conference: 9:30 am, Friday, December 27, 2013
Location:  Courtroom 212
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Cato.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Calo.doc

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| **GEORGIA HARRIS,** | |
| Plaintiff, | Case No. 2013 CA 0006576 B |
| v. | |
| **SAFEWAY, INC., et al.,** | Judge Thomas J. Motley<br>Next Event: Initial Conference 12/27/13 |
| Defendants. | |

## DEFENDANT SAFEWAY'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Safeway, Inc. (hereinafter "Safeway"), by and through its attorneys, Justin M. Cuniff, Elizabeth B. Fisher and Setliff & Holland, P.C., and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff's Complaint For Negligence (hereinafter "Complaint") as follows:

1.      Safeway admits that this Court has jurisdiction.

2.      Safeway admits that it does business in the District of Columbia.  Safeway denies any remaining allegations in Paragraph Two.

3.      Defendant admits that Plaintiff alleges that she sustained injuries in the District of Columbia.  Safeway denies any remaining allegations in Paragraph Three.

4.      Safeway does not have sufficient information to admit or deny the allegations in Paragraph Four and, therefore, demands strict proof thereof.

5.      Safeway admits that it is a corporation licensed to do business in the District of Columbia and that it has a Resident Agent in the District of Columbia.  Safeway denies any remaining allegations in Paragraph Five.

6.      Safeway admits the allegations in Paragraph Six.

7.      Safeway does not have sufficient information to admit or deny the allegations in Paragraph Seven and, therefore, denies the same and demands strict proof thereof.

8.      Safeway incorporates by reference the answers contained in Paragraphs One through Seven of this Answer as if fully set forth herein.

9.      Safeway does not have sufficient information to admit or deny the allegations in Paragraph Nine and, therefore, denies the same and demands strict proof thereof.

10.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Ten and, therefore, denies the same and demands strict proof thereof.

11.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Eleven and, therefore, denies the same and demands strict proof thereof.

12.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Twelve and, therefore, denies the same and demands strict proof thereof.

13.     Paragraph Thirteen contains a legal conclusion for which no answer is required. To the extent an answer is deemed required, Safeway denies the same and demands strict proof thereof.

14.     Safeway incorporates by reference the answers contained in Paragraphs One through Thirteen of this Answer as if fully set forth herein.

15.     Safeway admits that it has a contractual relationship with Defendant Total Refrigeration Services, LLC and that it operates a store at 2845 Alabama Ave., S.E., Washington, D.C.  However, Safeway does not have sufficient information to admit or deny the remaining allegations in Paragraph Fifteen and demands strict proof thereof.

16.     Safeway admits that Defendant Total Refrigeration Services, LLC conducted maintenance and/or repair work on June 13, 2011.  Safeway does not have sufficient information to admit or deny the remaining allegations in Paragraph Sixteen.

17.     Paragraph Seventeen contains a legal conclusion for which no answer is required. To the extent an answer is deemed required, Safeway denies the allegations in Paragraph Seventeen and demands strict proof thereof.

18.     Safeway denies the allegations in Paragraph Eighteen and demands strict proof thereof.

19.     Safeway denies the allegations in Paragraph Nineteen and all subparts therein and demands strict proof thereof.

20.     Safeway incorporates by reference the answers contained in Paragraphs One through Nineteen of this Answer as if fully set forth herein.

21.     Safeway admits the allegations in Paragraph Twenty-One.

22.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Twenty-Two, therefore denies the same and demands strict proof thereof.

23.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Twenty-Three, therefore denies the same and demands strict proof thereof.

24.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Twenty-Four, therefore denies the same and demands strict proof thereof.

25.     Safeway does not have sufficient information to admit or deny the allegations in Paragraph Twenty-Five, therefore denies the same and demands strict proof thereof.

26.     Safeway incorporates by reference the answers contained in Paragraphs One through Twenty-Six of this Answer as if fully set forth herein.

27.   Safeway denies the allegations in Paragraph Twenty-Seven and demands strict proof thereof.

28.   Safeway denies the allegations in Paragraph Twenty-Eight and demands strict proof thereof.

29.   Safeway denies the allegations in Paragraph Twenty-Nine and demands strict proof thereof.

30.   Paragraph Thirty contains a legal conclusion for which no answer is required.  To the extent an answer is deemed required, Safeway denies the same and demands strict proof thereof.

31.   Safeway denies the allegations in Paragraph Thirty-One and demands strict proof thereof.

32.   Safeway denies the allegations in Paragraph Thirty-Two and demands strict proof thereof.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Contributory Negligence)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

### THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

### FOURTH DEFENSE
#### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

### FIFTH DEFENSE
#### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

### SIXTH DEFENSE
#### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of known/unknown and/or named/unnamed third parties over whom Defendant exercised no authority, dominion or control.

### SEVENTH DEFENSE
#### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

### EIGHTH DEFENSE
#### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery, therefore, is barred in whole or in part.

### NINTH DEFENSE
#### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

### TENTH DEFENSE
#### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

### ELEVENTH DEFENSE
#### (Denial of Allegations)

Defendant denies the allegations set forth in the Complaint.

### TWELFTH DEFENSE
#### (Reservation of Affirmative Defenses)

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Safeway, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint and award to it any further relief that the Court deems appropriate.

Respectfully submitted,

SETLIFF & HOLLAND, P.C.

_____/s/_____

Justin M. Cuniff (Bar No. 499196 )
Elizabeth B. Fisher (Bar No. 500067)
SETLIFF & HOLLAND, P.C.
One Park Place, Suite 265
Annapolis, Maryland 21401
Tel: (443) 837-6805
Fax: (443) 837-6806
jcuniff@setliffholland.com
efisher@setliffholland.com
*Counsel for Defendant Safeway, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of November, 2013, a copy of the foregoing Answer and Affirmative Defenses was sent via CaseFileXpress and on the 12th day of November 2012, sent via First-Class mail, postage prepaid, to:

> Kenneth L. Blackwell, Esquire
> Blackwell & Assocaites
> P.O. Box 23610
> Washington, DC 20026

> *Counsel for Plaintiff*

                              _____/s/_____
                              Justin M. Cuniff

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

GEORGIA HARRIS,

                                        Plaintiff,

v.                                                        Case No. 2013 CA 0006576 B

SAFEWAY, INC., et al.,                      Judge Thomas J. Motley
                                                          Next Event: Initial Conference 12/27/13
                                        Defendants,

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:     Clerk of Court
        Superior Court for the District of Columbia

        PLEASE TAKE NOTICE that Defendant Safeway, Inc. has this date removed the above-captioned action from the Superior Court for the District of Columbia, in which it was originally filed, to the United States Court for the District of Columbia.

        Attached hereto, and made a part hereof, is a copy of the Notice of Removal (without exhibits) which has been filed in the United States District Court.



EXHIBIT

B

Respectfully submitted,

SETLIFF & HOLLAND, P.C.


_____/s/_____
Justin M. Cuniff (Bar No. 499169)
Elizabeth B. Fisher (Bar No. 500067)
SETLIFF & HOLLAND, P.C.
One Park Place
Suite 265
Annapolis, Maryland 21401
Tel: (443) 837-6805
Fax: (443) 837-6806
jcuniff@setliffholland.com
efisher@setliffholland.com

*Counsel for Defendant Safeway, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2013, a copy of the foregoing Notice of Filing of Notice of Removal was sent via CaseFileXpress and First-Class mail, postage prepaid, to:

Kenneth L. Blackwell, Esquire
Blackwell & Assocaites
P.O. Box 23610
Washington, DC 20026

*Counsel for Plaintiff*

/s/
Elizabeth B. Fisher